No. 680

HOOKER COMPANY v. REPUBLIC FINANCE & MTGE. CO. et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1568.      Decided April 2, 1927.

191.   BURDEN OF PROOF—1123   Subrogation—1.   Subrogation must be asserted in the pleadings.

2.   Where party claims subrogation, burden of proof to show that claim paid was superior to claim over which priority is asked, is upon party claiming subrogation.

755.   MECHANICS' LIEN—787.   Mortgages—It is not sufficient to prove that mortgage was filed before building material involved in lien was delivered on premises. Mechanics' Lien Law gives to person who furnishes labor or material, a lien from time of beginning of construction.

Appeal from Common Pleas.
Decree for plaintiff.
**First Publication of this Opinion**

BY THE COURT.

The Hooker Company brought suit against William C. Wallace and Edith M. Wallace upon a mechanic's lien. The Republic Finance and Mortgage Company was also made a party defendant and filed its answer setting up a mortgage upon the premises. The question is between the respective claims of the Hooker Company and the Finance Company.

The evidence tends to prove that out of the proceeds of the mortgage loan of the Mortgage Company there was paid a prior mortgage of either $400 or $450 and the Mortgage Company asserts the right of subrogation as to the amount paid to the prior mortgagee. Subrogation, either at common law or under the General Code must be asserted in the pleadings. There is no claim for priority by way of subrogation asserted in the answer and cross petition of the Mortgage Company. Independent of that the burden of proof would be on the Mortgage Company to show that the mortgage so paid was prior and superior to the claim of the Hooker Company on its mechanic's lien. The most that the evidence shows is that the prior mortgage so claimed to have been discharged was dated April 30, 1925, and filed for record on May 1, 1925. The evidence in the case tends to show that the contract made by the Hooker Company for the furnishing of building material was made April 28, 1925, and that the deliveries began on about the 2nd of May, 1925. The burden of proof was on the Republic Finance Company to show that. the mortgage so discharged by it was made and filed of record before the beginning of construction operations on the lot. It is not sufficient to prove merely that the mortgage was filed before the building material involved in the plaintiff's lien was delivered on the premises. The mechanic's lien law gives to the person who furnishes labor or material a lien from the time of the beginning of construction operations, and the original mortgage so discharged by the Mortgage Company, in order to be a prior mortgage, must have been executed and delivered before the beginning of such construction. The mortgagee in that mortgage was bound to take notice of the condition of the mortgaged property with reference to construction work. We therefore find that both under the pleadings and under the evidence the Republic Finance & Mortgage Company is not entitled to priority for any part of the mortgage over the mechanic's lien of the Hooker Company.

Decree accordingly.

(Ferneding, Kunkle and Allread, JJ., concur.)

Attorneys—Lucas & Keating for Hooker Co.; Harry Kohn for Mortgage Co.; all of Columbus.